■ In the Matter of the Claim of ELMO HARRIS, Respondent, v. SILVER CREEK PRECISION CORP. et al., Appellants, and EMPLOYERS MUTUAL OF WISCONSIN, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and the State Insurance Fund from a decision of the Workmen's Compensation Board. This appeal presents a controversy between two insurance carriers which centers in the date of the disablement of claimant but does not otherwise concern him. That claimant, an operator of a sand mixing machine in the core room of a nonferrous foundry, in June, 1957 contracted in his employment a contact dermatitis of both arms for which he received medical treatment initially on June 27, 1957 is undisputed. Sporadic medical treatment was rendered him thereafter until March 28, 1958. On or about March 10, 1958 his employment was terminated. Until that date the occupational disease caused neither a cessation of his work nor any loss or diminution of his wages. On June 27, 1957 and until January of the following year appellant, the State Insurance Fund, was the employer's carrier. On the latter date it was supplanted on the risk by respondent, Employers Mutual of Wisconsin. The board found that the date of claimant's disablement was established as June 27, 1957 "when the claimant began receiving medical treatments for his dermatitis condition" and added "It would be clearly inequitable in this case to fix the date of disablement as March 10, 1958 and hold the Employers Mutual liable for medical expenses incurred prior to its being on risk." The board's determination in the factual pattern presented by this record was clearly error. The test which the relevant statute applies to set the date of disablement from an

occupational disease is not the date "when the claimant began receiving medical treatments" but "the time at which the dermatitis first had an adverse effect on the claimant's wage earning". (*Matter of Taratino* v. *Em Cee Fashions*, 9 A D 2d 810; *Matter of Muniak* v. *ACF Inds.*, 7 A D 2d 258; *Matter of Kindlick* v. *Nassau Smelting & Refining Co.*, 12 A D 2d 4; Workmen's Compensation Law, § 37.) Decision and award unanimously reversed and the claim remitted for further proceedings, with costs to appellants, against the Workmen's Compensation Board. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.